UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NUVASIVE, INC. ) <br> ) <br> Applicant, ) <br> ) Case No. 1:21-cv-10019 <br> v. ) <br> ) <br> RIVAL MEDICAL, LLC ) <br> ) <br> Respondent. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF APPLICANT, NUVASIVE, INC.'S, MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

**NOW COMES** the Applicant, NuVasive, Inc. ("NuVasive"), and respectfully submits this Memorandum of Law in support of its Motion for an Order Confirming the Arbitration Award (the "Award") it obtained against Respondent, Rival Medical, LLC ("Rival"), in American Arbitration Association Case No.: 01-19-0001-3591 which requires that Rival pay to NuVasive the sum of $591,181.00.  As reasons for its request, NuVasive asserts that the Parties entered into an agreement which elected arbitration by the American Arbitration Association as the method for dispute resolution.  When a dispute arose, NuVasive initiated arbitration as required by the agreement which ultimately resulted in the Award.  However, Rival has expressly refused to honor the Award.  Accordingly, NuVasive filed a Verified Application for Confirmation of the Arbitration Award.  Notably, Rival has not initiated an action or otherwise requested that the Court vacate, modify or correct the Award, nor are there any grounds to do so in the present case.  Therefore, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, requires the Court to enter an Order confirming this Award in favor of NuVasive.

For these reasons, as detailed and supported in this Memorandum of Law, as well as in the other supporting materials submitted contemporaneously herewith, NuVasive respectfully requests that this Honorable Court enter an Order confirming the $591,181.00 Award in its favor and grant it the other relief sought in its Verified Application to Confirm the Arbitration Award.

## I.   FACTUAL & PROCEDURAL BACKGROUND

NuVasive is a Delaware corporation which has its principal place of business in San Diego, California.  Rival is a Massachusetts limited liability company which has its principal place of business in Andover, Massachusetts.  On January 1, 2019, NuVasive and Rival entered into a Sales Representative Agreement.  _See_, NuVasive, Inc.'s Verified Application for Confirmation of Arbitration Award [ECF 1] ("Verified App.") at ¶ 5 and **Exhibit A** thereto.  In the Agreement, the parties elected arbitration by the American Arbitration Association ("AAA") as the method for dispute resolution.  _See_, _id._ at ¶¶ 7-8 and **Exhibit A,** § 12.02.

During the term of the Agreement, a dispute arose between the parties as to whether Rival improperly dissolved the Agreement, failed to perform its obligations under the Agreement, and violated its non-competition and non-solicitation obligations to NuVasive under the Agreement (the "Dispute").  _See_, _id._ at ¶ 6.  Pursuant to Section 12.02 of the Agreement, NuVasive initiated arbitration proceedings against Rival to resolve the Dispute.  _See_, _id._ at ¶ 7.  On December 8, 2020, a panel of the American Arbitration Association entered its Final Award in Case No.: 01-19-0001-3591 which requires, _inter alia_, that Rival pay to NuVasive the sum of $591,181.00.  _See_, _id._ at ¶ 9 and **Exhibit B.**  On December 12, 2020, Rival's attorney informed NuVasive's attorney that Rival would not satisfy the Award.  _See_, _id._ at ¶ 10.  Accordingly, NuVasive filed a Verified Application for Confirmation of the Arbitration Award, and now moves this Honorable Court to enter an Order confirming the Award in the amount of $591,181.00, retaining jurisdiction for

enforcement proceedings, and affording it any additional relief if finds just and equitable under the circumstances.

## II.     APPLICABLE LAW & DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, governs the enforcement of arbitration awards for the purpose of effectuating a strong national policy in favor of arbitration. Section 9 of the FAA addresses the confirmation of arbitration awards as orders and judgments of Article III courts.  Specifically, FAA § 9 provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made **any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court <u>must</u> <u>grant</u> such an order** unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title….

9 U.S.C. § 9 (emphasis added).

"Judicial review of arbitration rulings 'is extremely narrow and exceedingly deferential,' and is indeed 'among the narrowest known in the law.'" *Hoolahan v. IBC Advanced Alloys Corp.*, 2019 WL 1409300, *1 (D. Mass. 2019) (confirming arbitration award), quoting *Raymond James Fin. Servs., Inc. v. Fenyk*, 780 F.3d 59, 63 (1st Cir. 2015), *Doral Fin. Corp. v. García–Veléz*, 725 F.3d 27, 31 (1st Cir. 2013), *Maine Cent. R.R. Co. v. Bhd. of Maint. of Way Emps.*, 873 F.2d 425, 428 (1st Cir. 1989).  Here, Rival has not initiated an action or otherwise requested that the Court vacate, modify or correct the Award, nor are there any grounds to do so in the present case. Therefore, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, requires the Court to enter an Order confirming this Award in favor of NuVasive.

### III. CONCLUSION

**WHEREFORE,** for all the foregoing reasons, Applicant, NuVasive, Inc., respectfully requests that this Honorable Court enter an Order:

a. Confirming the Arbitration Award in its favor for the amount of $591,181.00;

b. Retaining jurisdiction for enforcement proceedings; and

c. Awarding any additional relief it finds just and equitable under the circumstances.

        Respectfully Submitted for Applicant,
        **NuVasive, Inc.,**
        By Its Attorneys,

        */s/ Holly M. Polgalse* _____
        Holly M. Polglase, Esq., MA BBO No. 553271
        hpolglase@hermesnetburn.com
        Michael S. Batson, Esq., MA BBO No. 648151
        mbatson@hermesnetburn.com
        Michael C. Kinton, Esq., MA BBO No. 683875
        mkinton@hermesnetburn.com
        Hermes, Netburn, O'Connor & Spearing, P.C.
        265 Franklin Street, 7th Floor
        Boston, MA 02110
        (617) 728-0050

Dated: January 6, 2021

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2021, a true and correct copies of the following documents:

1. A Summons;

2. NuVasive, Inc.'s Verified Application for Confirmation of Arbitration Award (with Exhibits and Attachments);

3. Applicant, NuVasive, Inc.'s, Motion for Order Confirming Arbitration Award;

4. Memorandum of Law in Support of Applicant, NuVasive, Inc.'s, Motion for Order Confirming Arbitration Award (with Attachment); and

5. Notice of NuVasive, Inc.'s Verified Application and Motion for Confirmation of Arbitration Award.

Were placed in the hands of a process server with instructions to make expedited service on Rival Medical, LLC in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Honorable Court.

*/s/ Holly M. Polglase*
Holly M. Polglase